UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
ROGELIO KNIGHTS, JR.,

            Plaintiff,

   -against-

THE CITY UNIVERSITY OF NEW
YORK, THOMAS A. ISEKENEGBE,
CHRISTOPHER TODD CAROZZA,

            Defendants.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 19-cv-480 (FB)(RML)

*Appearances:*
*For the Plaintiff*:
ROOSEVELT SEYMOUR
300 Cadman Plaza West, 12th floor
Brooklyn, NY 11201

*For the Defendant*:
CORPORATION COUNSEL
ZACHARY W. CARTER
100 Church Street, Room 2-125
New York, New York 10007

**BLOCK, Senior District Judge:**

      Plaintiff Rogelio Knights brings this action against the City University of New York ("CUNY"), Thomas Isekenegbe, and Christopher Carozza, for due process violations under 42 U.S.C. § 1983. Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, defendants' motion is denied.

**I.**

      For purposes of this motion, the Court must take as true the allegations in the complaint and draw all inferences in plaintiff's favor. *See Weixel v. Board of Educ.*, 287 F.3d 138, 145 (2d Cir. 2002). To survive a motion to dismiss, a complaint "does

1

not need detailed factual allegations," but "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint alleges the following facts: Bronx Community College ("BCC") hired Knights in September 2016 to work as a temporary student athletic manager. BCC is part of the CUNY system.

In January 2017, Carozza, the Title IX coordinator of LaGuardia Community College—also part of the CUNY system, notified Knights that a student alleged that he sexually harassed her and that Carozza would investigate the allegations. On March 15, 2017, Carozza filed a report, finding the allegations to be substantiated. The report was allegedly shared with unnamed people in the Department of Education.

On March 17, 2017, Knights was summarily terminated without being afforded both a pre-termination hearing and a name-clearing hearing. The complaint alleges that Isekenegbe, the President of BCC, was responsible for terminating BCC employees and administering termination hearings.

On May 3, 2018—about fourteen months later—defendants rescinded Knights' termination. Shortly thereafter, the parties entered into arbitration, pursuant to a collective bargaining agreement ("CBA") between the plaintiff's employer and the Professional Staff Congress, a labor organization representing

CUNY employees. However, the arbitrator held that because Knights had been reinstated, the arbitration was moot.

## II.

Echoing the arbitrator's rationale, defendants claim that plaintiff's lawsuit is likewise moot. Their contention fails for a number of reasons:

First, the arbitrator's ruling does not have preclusive effect over §1983 claims. *See Mc Donald v. City of West Branch, Mich.*, 466 U.S. 284, 292 (1984) ("[A]ccording preclusive effect to arbitration awards in §1983 actions would severely undermine the protection of federal rights").

Second, at oral argument, defendants' counsel conceded that plaintiff—albeit a temporary public employee—came under the protection of the CBA's "just cause" dismissal clause.[1] Therefore, he had a constitutional protected property right in his employment. *See Faghri v. Uni. Of Conn.*, 621 F.3d 92, 99 (2d Cir. 2010) ("A public employee who may be dismissed only for just cause has a property right in his employment"). Accordingly, he could not "be terminated or demoted without due process." *Id.* This entitled plaintiff to a hearing before he was terminated, notwithstanding that he was reinstated over a year later. *See Bd. of Regents v. Roth*,

---

[1] The oral argument transpired by telephone on March 24, 2020 due to the Coronavirus, and, although not recorded, this concession was immediately memorialized. *See* Docket Entry entered 3/24/2020.

3

408 U.S. 564, 569 (1972) (a hearing is necessary "[b]efore a person is deprived of a protected interest").

Third, plaintiff would also be entitled to a name-clearing hearing because the obvious stigmatizing basis for his termination was allegedly publicly disclosed to unidentified people in the Department of Education, which was not the plaintiff's employer. *See Patterson v. City of Utica*, 370 F.3d 322, 329-30 (2d Cir. 2004) (a name-clearing hearing is necessary when "government defamation occurs in the course of dismissal from government employment"); *Brandt v. Bd. Of Coop. Educ. Servs.,* 820 F.2d 41, 44 (2d Cir. 1987) ("The purpose of the [public disclosure] requirement is to limit a constitutional claim to those instances where the stigmatizing charges made in the course of discharge have been or are likely to be disseminated widely enough to damage the discharged employee's standing in the community or foreclose future job opportunities.")

## III.

CUNY further moves, in any event, to dismiss plaintiff's *Monell* claim. *See Monell v. Department of Social Servs.,* 436 U.S. 658, 694 (1978) (A municipality may be liable under §1983 when the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy" causes a constitutional violation).

The Second Circuit has held that a single act by a municipality may amount to policy "if ordered by a person 'whose edicts or acts may fairly be said to represent official policy.'" *Rookard v. Health & Hosps. Corp.*, 710 F.2d 41, 45 (2d Cir. 1983) (quoting *Monell,* 436 U.S. at 694). "Where an official has final authority over significant matters involving the exercise of discretion, the choices he makes represent government policy." *Id.*

Plaintiff has pleaded sufficient facts to support an inference, at the pleading stage, that Isekenegbe's decisions constitute CUNY's final decisions. Namely, plaintiff alleges that: (1) Isekenegbe was the President of BCC; (2) Isekenegbe had complete responsibility over terminations and hearings at BCC; and (3) Isekenegbe terminated plaintiff, a BCC employee, without providing due process hearings.

**IV.**

The two individual defendants claim that the claims against them should be dismissed because Knights fails to sufficiently allege individual liability. *See Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) ("[I]n order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia,* the defendant's personal involvement in the alleged constitutional deprivation."). However, if the allegations are true, Isekenegbe failed to provide the requisite hearings and Carozza created a fraudulent report that led to Knights' termination and the public distribution of the stigmatizing basis for his

5

discharge. Therefore, they would be personally involved in these constitutional deprivations.[2]

## Conclusion

For the foregoing reasons, the motion to dismiss is DENIED.[3]

**IT IS SO ORDERED.**

                                         /S/ Frederic Block
                                         FREDERIC BLOCK
                                         Senior United States District Judge

April 6, 2020
Brooklyn, New York

---

[2] Defendants contend, alternatively, that they are entitled to qualified immunity. But, because these constitutional rights have been clearly established for many years, *see Faghri*, 621 F.3d at 99, *Patterson*, 370 F.3d at 330, they cannot avail themselves of this affirmative defense. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982) (government officials are shielded from civil liability only if "their conduct does not violate clearly established statutory or constitutional rights.").

[3] In his opposing papers, plaintiff requests "vacatur" of the arbitrator's award. Even if this were to be deemed a motion, it is academic in light of this decision.