# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of August, two thousand twenty-four.

PRESENT:
    JOSEPH F. BIANCO,
    MYRNA PÉREZ,
    SARAH A. L. MERRIAM,
        *Circuit Judges*.

---

ROGELIO KNIGHTS, JR.,

    *Plaintiff-Appellee*,

v.      23-7708-cv

CITY UNIVERSITY OF NEW YORK,
THOMAS A. ISEKENEGBE, and
CHRISTOPHER TODD CAROZZA,

    *Defendants-Appellants*.

---

FOR PLAINTIFF-APPELLEE:      ROOSEVELT T. SEYMOUR, Brooklyn, N.Y.

FOR DEFENDANTS-APPELLANTS:      D. ALAN ROSINUS, JR. (Richard Dearing, Melanie T. West, *on the brief*), Assistant Corporation Counsel, *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, N.Y.

CERTIFIED COPY ISSUED ON 08/23/2024

Appeal from a judgment of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **VACATED** and the matter is **REMANDED** for further proceedings consistent with this order.

Defendants-Appellants City University of New York ("CUNY"), Thomas A. Isekenegbe, and Christopher Todd Carozza appeal from the District Court's judgment, entered on October 3, 2023, awarding Plaintiff-Appellee Rogelio Knights, Jr., attorney's fees in the amount of $75,000. Knights, a former employee of CUNY, brought suit in 2019 pursuant to 42 U.S.C. §1983 asserting violations of his right to due process under the Fourteenth Amendment in connection with a disciplinary action brought against him during his employment with CUNY. After summary judgment was granted in favor of defendants on most of Knights's claims, the matter proceeded to trial on one of Knights's "stigma-plus" due process claims, in which he asserted that CUNY had violated his due process rights by disseminating stigmatizing statements about him in connection with the disciplinary action without providing him with a name-clearing hearing. The jury rendered a verdict via special interrogatories finding that Knights was entitled to a name-clearing hearing and did not receive an adequate one. The jury awarded no economic or noneconomic damages, instead awarding Knights $1 in nominal damages. Knights sought an award of attorney's fees and, over the objection of Defendants-Appellants, the District Court awarded him $75,000 in fees.

We presume the parties' familiarity with the remaining factual and procedural history of this matter and do not repeat it here.

The District Court correctly found Knights to be a "prevailing party" such that he was

eligible for attorney's fees. But it failed to provide an adequate basis for its award of fees.

"In light of the district court's familiarity with the case, its award of attorneys' fees is reviewed only for abuse of discretion. However, reviewable for abuse of discretion is not the equivalent of unreviewable, and it is important that we be informed by the record of why the district court acted as it did." *Orchano v. Advanced Recovery, Inc.*, 107 F.3d 94, 99 (2d Cir. 1997) (citations and quotation marks omitted).

Although the District Court provided a detailed recitation of the history of the litigation, it ultimately offered no concrete basis for its determination that a fee award – particularly a substantial fee award – was warranted in this case in which Knights did not succeed on the vast majority of his claims, prevailing only on a single claim for nominal damages of $1 after demanding $45 million in his Complaint and over $4 million at the jury trial.

The District Court simply stated the following: "In this circumstance, therefore, the Court must use its sound discretion and may 'simply reduce the award to account for the limited success.' *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983)." Special App'x at 14. But this conclusion disregards the fuller context of that statement in *Hensley*:

> Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. . . . [T]he most critical factor is the degree of success obtained. . . . There is no precise rule or formula for making . . . determinations [regarding reasonable fees]. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment. *This discretion, however, must be exercised in light of the considerations we have identified*.

*Hensley*, 461 U.S. at 436–37 (emphasis added).

The District Court failed to adequately explain how it exercised its discretion in light of the considerations identified in *Hensley* and the long line of other cases that provide guidance on

3

the propriety of fee awards, particularly in nominal-damages cases. *See, e.g.*, *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598 (2001); *Farrar v. Hobby*, 506 U.S. 103 (1992); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182 (2d Cir. 2008); *Pino v. Locascio*, 101 F.3d 235 (2d Cir. 1996).

We therefore remand for the District Court to reconsider its award of fees in light of the relevant standards and considerations and, if it again finds that an award of fees is appropriate, to articulate its basis for such a finding. *See Kassim v. City of Schenectady*, 415 F.3d 246, 256 (2d Cir. 2005) ("We find ourselves unable, however, either to affirm or vacate the district court's fee award, because we cannot tell from the court's explanation whether it was based on permissible or impermissible considerations.").

For the reasons set forth herein, the judgment awarding attorney's fees is **VACATED** and this matter is **REMANDED** to the District Court for further proceedings consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4